**FILED**

**AUG 2 5 2014**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

In re Subpoena Matter )
)
UNITED STATES )
DISTRICT OF COLUMBIA )
)
v. )
)
KEVIN HOLLEY, )
)
Defendant. )
)

Case: 1:14-mc-00919
Assigned To : Cooper, Christopher R.
Assign. Date : 8/25/2014
Description: miscellaneous

## MOVANT COURT SERVICES AND OFFENDER SUPERVISION AGENCY'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

Pursuant to Federal Rule of Civil Procedure 45(d)(3), the Court Services and Offender Supervision Agency ("CSOSA"), by and through undersigned counsel, respectfully moves the Court to quash the subpoena *duces tecum* served on CSOSA by Defendant Kevin Holley ("Holley" or "Defendant").

## I.    SUMMARY OF ARGUMENT

The subpoena *duces tecum* served on CSOSA is unenforceable and should be quashed for two (2) reasons.[1]  First, federal executive agencies are immune from subpoena demands arising out of state-court actions, irrespective of whether the subpoena is issued by a state court or a federal court.  Second, this Court lacks subject matter jurisdiction per the doctrine of derivative jurisdiction.

---

[1]    The sole remedy for Holley to challenge CSOSA's decision not to comply with Holley's subpoena, per CSOSA *Touhy* regulations, is to file a collateral action in federal court under the Administrative Procedures Act.  *Houston Bus. Journal Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996).  Holley may, however, also seek the records in the subpoena through discovery in his pending criminal case in Superior Court, as explained below.

## II.     FACTUAL BACKGROUND

On July 28, 2014, CSOSA received a subpoena *duces tecum* from the Superior Court of

the District of Columbia issued by Defendant's attorney, Christine Pembrook, Esq.  *See*

Subpoena, attached hereto as "Exhibit 1."  The subpoena, addressed to the CSOSA General

Counsel, demands that CSOSA appear in Superior Court of the District of Columbia, on August

27, 2014, and bring:

1.  All emails between CSOSA's Community Supervision Offices and the GPS
    Program  office regarding Kevin Holley DOB [redacted pursuant to Local
    Civil Rule 5.4(f)] PDID #431037;
2.  All emails from GPS Program personnel concerning claims that any device
    has failed to charge properly;
3.  All maintenance records for any and all GPS devices assigned to Kevin
    Holley; and
4.  Any GPS operating or similar manuals.

*Id.*

## III.    ARGUMENT

### A. The Superior Court and the District Court Lack Subject Matter Jurisdiction Over Holley's Subpoena Because The Federal Government Is Immune From Subpoena Demands Arising Out Of State Court Actions.

The subpoena *duces tecum* served on CSOSA is unenforceable because federal executive

agencies are immune from subpoena demands arising out of state-court actions, irrespective of

whether the subpoena issues from a state court or a federal court.  *See Houston Bus. Journal, Inc.

v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212-13 (D.C. Cir. 1996).[2]  Both the

Superior Court and this Court, therefore, lack subject-matter jurisdiction to issue or enforce the

subpoena.  *Id.*

---

[2]     "The courts of the District of Columbia are treated as 'state' courts for removal
purposes." *Houston Bus. Journal*, 86 F.3d at 413 n.3 (citing *Palmore v. United States*, 411 U.S.
389, 395 n.5 (1973)); *see also* 28 U.S.C. § 1451(1).

State-court litigants like Holley cannot evade the limitations on the subpoena powers of a state court. *See Houston Bus. Journal*, 86 F.3d at 1213 (noting that "the federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others").[3] The jurisdiction of the federal courts is limited and the federal courts' subpoena power is properly exercised only:

1. When the federal court has subject-matter jurisdiction over the underlying action;

2. Under circumstances in which an action is otherwise cognizable in a federal court, *see, e.g.*, Fed. R. Civ. P. 27(a); or

3. When the subpoena is "necessary for [a federal] court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter."

*See id.* (quoting *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988)). None of those circumstances applies here.

The only statute that implicates a waiver of sovereign immunity with respect to Holley's criminal prosecution in the Superior Court is § 12-101(c) of Pub. L. 91-358, codified at D.C. Code 23-101(c), which provides that certain criminal prosecutions for local District of Columbia offenses "shall be conducted in the name of the United States by the United States Attorney for the District of Columbia or his assistants." Because the United States Attorney's Office for the District of Columbia is, by virtue of § 23-101(c), a party to such criminal prosecutions in the

---

[3]   In contrast, a federal-court litigant may seek to obtain production of documents from a federal agency by means of a federal subpoena because the United States has waived its sovereign immunity in federal-court actions. *See* 5 U.S.C. § 702. In such a case, neither the Federal Housekeeping Statute, 5 U.S.C. § 301, nor the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), authorizes a federal agency to withhold documents. *See Houston Bus. Journal*, 86 F.3d at 1212 (quoting *Exxon Shipping Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994)); *see also Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007).

Superior Court, sovereign immunity considerations presumably would not apply to the activities

of the United States Attorney's Offices in those cases.  Hence, to the extent that they are engaged

in criminal prosecutions in the Superior Court, "the United States Attorney and his assistants"

are subject to the Superior Court's rules and procedures.  *See* § 23-101(c).  However, § 23-101(c)

makes no reference to CSOSA or to any other federal agency.  Accordingly, under the rule of

strict construction applicable to waivers of sovereign immunity,[4] § 23-101(c) does not waive

sovereign immunity with respect to CSOSA.

Holley—a state-court criminal defendant seeking to compel production of documents and

testimony from CSOSA—is improperly attempting to use the subpoena *duces tecum* to

circumvent the discovery procedures that govern his criminal case.[5]  To the extent Holley seeks

to compel the production of documents and testimony from the United States as the prosecutor in

his criminal case, the proper procedure is to submit his request in accordance with the rules and

procedures applicable to criminal prosecutions in the Superior Court.—not to issue a state court

subpoena directly to a non-party federal government agency.  This Court lacks subject-matter

jurisdiction over Holley's subpoena and cannot compel CSOSA's compliance with it; the

subpoena should be quashed.  *See Houston Bus. Journal*, 86 F.3d at 1213.

### B. The District Court Also Lacks Subject Matter Jurisdiction Over Holley's Subpoena Due To The Doctrine Of Derivative Jurisdiction.

The derivative jurisdiction doctrine arises from the principle that a federal court's

jurisdiction over a removed case derives from the jurisdiction of the state court from which the

---

[4]     *See Trout v. Sec'y of Navy*, 540 F.3d 442, 443 (D.C. Cir. 2008) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)).

[5]     Neither CSOSA nor the United States Attorney's Office for the District of Columbia makes any representations herein regarding the discoverability of the information Holley seeks in the context of his pending criminal case.  Nor does the United States Attorney's Office for the District of Columbia waive any arguments it might have regarding Holley's requests to otherwise obtain the information via discovery in that criminal case.

case originated. *Cofield v. United States*, C.A. 14-0055, 2014 WL 4087501 (D.D.C. Aug. 20, 2014) (dismissing a complaint—which included Freedom of Information Act, Privacy Act, and Federal Tort Claims Act claims—against several federal agencies, where the case was removed from Superior Court of the District of Columbia to U.S. District Court for the District of Columbia pursuant to § 1442, and where the Superior Court did not have subject matter jurisdiction over such claims); *McKoy-Shields v. First Washington Realty, Inc.*, C.A. 11-01419, 2012 WL 1076195 (D.D.C. Mar. 30, 2012) (dismissing a complaint—which included a Federal Tort Claims Act claim—against a federal agency, where the case was removed from Superior Court of the District of Columbia to U.S. District Court for the District of Columbia pursuant to § 1442, and where the Superior Court did not have subject matter jurisdiction over such claims). As the Supreme Court has explained:

> [if] the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) (citations omitted); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981).

Application of the derivative jurisdiction doctrine remains valid in cases, such as this one, that are removed under 28 U.S.C § 1442. *See Cofield v. United States*, C.A. 14-0055, 2014 WL 4087501 (D.D.C. Aug. 20, 2014); *McKoy-Shields v. First Washington Realty, Inc.*, C.A. 11-01419, 2012 WL 1076195 (D.D.C. Mar. 30, 2012); *cf.* 28 U.S.C. § 1441(f) (eliminating derivative jurisdiction for cases removed "under this section," i.e., § 1441). To determine whether this Court lacks subject matter jurisdiction by virtue of the doctrine of derivative

jurisdiction, the threshold determination is whether, prior to removal, the Superior Court of the District of Columbia had jurisdiction of the subject matter or of the parties. *See id.*

Here, the Superior Court of the District of Columbia lacked subject matter jurisdiction over Holley's subpoena for CSOSA testimony and documents, because executive agencies are immune from state court subpoenas, as explained in § III.A, *supra*. Therefore, pursuant to the doctrine of derivative jurisdiction, this Court also lacks subject matter jurisdiction over Holley's subpoena. *See id.* Although derivative jurisdiction *specifically regarding a subpoena* appears to be a matter of first impression for this Court, other Circuits have affirmed decisions to quash state court subpoenas addressed to federal agencies by applying the doctrine of derivative jurisdiction. *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) (affirming a District Court's decision to quash a state court subpoena pursuant to the doctrine of derivative jurisdiction, after the subpoena matter was removed under § 1442, where 1) federal sovereign immunity deprived the state court of jurisdiction to enforce the subpoena and 2) the agency's *Touhy* regulations deprived the state court of jurisdiction to compel the agency to comply with the subpoena); *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (same); *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998) (without specifically citing the doctrine of derivative jurisdiction, affirming a District Court's decision to quash a state court subpoena after the subpoena matter was removed under § 1442, because federal sovereign immunity deprived the state court of jurisdiction to enforce the subpoena). Similar to the cases in other Circuits, here too both federal sovereign immunity and CSOSA's *Touhy* regulations (28 C.F.R. § 802.27, *et seq.*) deprive the Superior Court of the District of Columbia of jurisdiction to enforce, or compel compliance with, Holley's subpoena—thereby derivatively depriving this Court of jurisdiction. *See id.*

6

There is no statutory authority of which undersigned counsel is aware permitting an individual to subpoena testimony or documents from a non-party federal agency, in *state* court. *See id.*; *see also* 28 U.S.C. § 1451 (Superior Court of the District of Columbia is considered a "State court" for purposes of District Court's removal jurisdiction). In fact, federal sovereign immunity would preempt any such authority. *See Houston Bus. Journal*, 86 F.3d at 1213. Thus, the Superior Court of the District of Columbia, which is a "state court" for purposes of this action, did not have jurisdiction over Holley's subpoena for CSOSA testimony and documents. *See Cofield,* 2014 WL 4087501; *McKoy-Shields,* 2012 WL 1076195; 28 U.S.C. § 1451.

## IV.    CONCLUSION

For the foregoing reasons, DHS respectfully submits that the subpoena *duces tecum* is invalid, unenforceable, and should be quashed pursuant to Rule 45 of the Federal Rules of Civil Procedure.

August 25, 2014                    Respectfully submitted,

                                   RONALD C. MACHEN JR., D.C. Bar # 447889
                                   United States Attorney

                                   DANIEL F. VAN HORN, D.C. Bar # 924092
                                   Chief, Civil Division

                                   By:  _____/s/_____
                                        DIONNE SHY
                                        D.C. Bar #980042
                                        Special Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2633
                                        Dionne.Shy@usdoj.gov

7

## CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing Movant Court Services and Offender

Supervision Agency's Motion to Quash Subpoena *Duces Tecum* to be served, on this 25th day of

August, 2014, by first class mail to:

Kevin Holley
c/o Christine Pembroke, Esq.
3312 Dent Place, NW
Washington, DC 20007

                                        /s/
                                        _____
                                        DIONNE SHY
                                        Special Assistant United States Attorney
                                        Civil Division

8

# Exhibit 1

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

### SUBPOENA

*Duces Tecum*

UNITED STATES
DISTRICT OF COLUMBIA

vs.

*Kevin Holley*

Case No. *2014 CMD 6385*

To: *Donna Sanger General Counsel CSOSA*
*633 Indiana Ave NW # 1374   220 5338*

YOU ARE HEREBY COMMANDED:

To appear before the Criminal Division room/courtroom *314* of the Superior Court of the District of Columbia, 500 Indiana Avenue/~~Judiciary Center, 555 Fourth Street~~, N.W., Washington, D.C. on the *27* day of *AUGUST*, 20 *14*, at *9:00* a.m./p.m. as a witness for *Defense*

☑ and bring with you *See Attachment A*

and do not depart from the Court without leave thereof.

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this *28* day of *JULY*, 20 *14*.

Clerk, Superior Court
of the District of Columbia

Officer in Charge _____ District _____

*Christine Pembroke*

Attorney for ~~Government~~/Defendant

Phone No. *202  553  3118*

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of subpoena for medical records.

_____ _____
Date                        Judge

### RETURN ON THIS SUBPOENA IS REQUIRED ON OR BEFORE THIS DATE:

☑ I hereby certify that I have personally served, or have executed as shown in **"REMARKS,"** the above subpoena on the individual at the address below.

| Name and Title of Individual Served | Address (If different than shown above) |
|---|---|
|  |  |

☐ I hereby certify that, after diligent investigation, I am unable to locate the individuals, company, corporation, etc., named in above subpoena for the reason(s) as shown in **"REMARKS."**

| Date(s) of Endeavor | Date and Time of Service |
|---|---|
|  |  |

| **REMARKS** | Signature of Title of Server |
|---|---|
|  |  |

CD-1072/Jan.90

*U S GPO: 2000-520-519/94502



Attachment A

(1) all e-mails between CSOSA's Community Supervision Offices and the GPS Program office regarding Kevin Holley DOB 4-13-74 PDID # 431037

(2) all e-mails from GPS Program personnel concerning claims that any device has failed to charge properly;

(3) all maintenance records for any and all GPS devices assigned to Kevin Holley; and

(4) any GPS operating or similar manuals.

1